**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| RONALD J. HOLLEMAN, 297567, )<br>　　　　Petitioner, )<br>　　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　　)　　No. 3:05-CV-1712-G<br>　　　　　　　　　　　　　　　　)　　　　　ECF<br>DOUGLAS DRETKE, Director TDCJ-CID, )<br>　　　　Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Procedural background**

Petitioner is a prisoner in the Texas Department of Criminal Justice, Correctional Institutions Division. He filed this motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(4) and (6).

Petitioner was convicted of burglary of a habitation. Punishment was assessed at forty years confinement. His conviction and sentence were affirmed on direct appeal. *Holleman v. State*, No. 05-81-00336-CR (Tex. App. – Dallas, Feb. 11, 1982).

Petitioner filed five state applications for habeas relief. The first state application was dismissed because an appeal was pending. *Ex parte Holleman*, No. 9,638-01 (Tex. Crim. App. Jan. 14, 1981). The second and fourth applications were denied without written orders. *Ex parte*

Page 1

*Holleman*, No. 9,638-02 (Tex. Crim. App. March 30, 1983); *Ex parte Holleman*, No. 9,638-04 (Tex. Crim. App. May 24, 1995). Petitioner's third application was denied as moot. *Ex parte Holleman*, No. 9,638-03 (Tex. Crim. App. Nov. 9, 1988). Petitioner's fifth state application was dismissed for abuse of the writ. *Ex parte Holleman*, No. 9,638-05 (Tex. Crim. App. March 11, 1998).

Petitioner filed two previous federal petitions for habeas relief. The first federal petition was dismissed for failure to exhaust state remedies. *Holleman v. Scott*, No. 3:95-CV-1799-T (N.D. Tex. Sept. 8, 1997). Petitioner's second federal petition was dismissed as barred by the statute of limitations. *Holleman v. Johnson*, No. 3:98-CV-0972-D (N.D. Tex. April 4, 1999).

On August 24, 2005, Petitioner filed this petition as a "Motion for Relief from Judgment" under Fed. R. Civ. P. 60(b)(4) and (6).[1] Petitioner argues he has new evidence that the district attorney "falsified, altered, and presented perjurious (sic)" documents to the jury in his criminal case. (Pet at 4). He also argues that the trial judge was not qualified to preside over his trial and that he is actually innocent.

On September 23, 2005, Petitioner amended his petition to add a claim for injunctive relief. Petitioner seeks to enjoin the undersigned magistrate judge from construing his petition as

---

[1]Fed. R. Civ. P. 60(b) states in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

> \* \* \* \*
> (4) the judgment is void;
>
> \* \* \* \*
> (6) any other reason justifying relief from the operation of the judgment.

a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## II.  Discussion

Although Petitioner filed this petition as a motion for relief from judgment under Fed. R. Civ. P. 60(b), his motion is properly construed as a second or successive petition under 28 U.S.C. § 2244(b).  Petitioner's motion attempts to assert claims attacking his state court judgment based upon new evidence.  A Rule 60(b) motion which raises claims for relief rather than challenges to defects in the federal habeas corpus proceeding, is treated as a successive habeas corpus petition subject to 28 U.S.C. § 2244(b).  *See Gonzalez v. Crosby*, ___ U.S. ___, 125 S.Ct. 2641 (2005).

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.  *See* 28 U.S.C. § 2244(b)(2).  Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing.  *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

## **RECOMMENDATION**

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). The Court also recommends that Petitioner's motion for injunctive relief be DENIED.

Signed this 18th day of January, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE